ORDER

PHILIP H. VILES, JR., Chief Justice.
On January 20, 1999, Defendant/Respondent Cherokee Nation filed its Motion to Set Aside Ruling Concerning Employee Appeal Board’s Administrative Judge, followed by a Brief in Support of that Motion, on February 5th. Petitioner filed its response to Respondent/Defendant’s Motion on February 5th, also.
Thereafter Respondent/Defendant Cherokee Nation file a Motion for Summary Judgment and Brief in Support Thereof on August 19th. Petitioner filed his Response on September 27th.
*31 After careful consideration, I am overruling the Motion to Set Aside Ruling Concerning Employee Appeals Board’s Administrative Judge. I continue to believe the four statements numbered in Petitioner’s Response dated February 5th.
As to the Motion for Summary Judgment, I consider Plaintiffs standing or lack thereof to be a factual question. Did he quit or was he terminated? As to the failure to exhaust his tribal administrative remedies before filing this lawsuit, there was not, such a proper remedy available, (Can he go through the EAB now?; I think so.) Third, we have taken a very dim view of the Cherokee Nation’s assertion of sovereign immunity in employment cases. We continue to take a dim view of that assertion; this is a Constitutional light we are talking about. Surely, the Nation can’t hide behind sovereign immunity in this case. (The additional assertion that the Court lacks subject matter jurisdiction is defeated since we have held several times that an employee can go through the EAB procedure, if the EAB is validly constituted, or can come directly to the JAT.)
Therefore, Petitioner should elect to either (1) dismiss this suit without prejudice and revisit the EAB or (2) continue this JAT case. Petitioner should elect on the record within ten days, regardless of whatever other motions may be filed, At the end of 10 days, a scheduling order will be entered.
IT IS SO ORDERED.